IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL J. HOYT,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FORT SCOTT, KANSAS, CITY OF, et al.,**<br><br>**Defendants.** | Case No. 2:22-cv-02399-JWB |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, for summary judgment. (Doc. 16.) The motion is fully briefed and ripe for review. (Docs. 16-18, 20, 27.)[1] Defendants fail to show that Plaintiff has no constitutional injury. The Court therefore DENIES the motion.

## I.   BACKGROUND

The parties agree on the following facts for purposes of Defendants' motion. (*See* Doc. 27 at 2 "The 'Statement of Material Facts' is accurate until [Defendants] proceed to draw conclusions [from] such facts that are without merit.")) Plaintiff was a city commissioner candidate for the City of Fort Scott, Kansas ("the city") in 2021. (Doc. 17 ¶ 4.) Plaintiff placed campaign signs in the city. (*Id.*) Defendant Mark McCoy, Interim City Manager for Defendant City, "notified [Plaintiff] by text and email that he had removed [] Plaintiff's signs from Sunset Drive stating that it was illegal to place signs on City property." (*Id.* ¶ 5.) McCoy informed Plaintiff that he could recover the signs from City Hall. (*Id.* ¶ 7.) Plaintiff picked up the two signs from McCoy's office.

---

[1] The time for filing a reply has passed, so the motion is ripe.

(*See id.*)  Plaintiff sued Defendants in state court for violating his First Amendment rights and for violating Kansas law, and Defendants removed to federal court.  (Docs. 1, 1-1.)  Defendants now move to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction.  (Doc. 16.)

## II.    STANDARD

A party may mount a facial or factual attack when seeking dismissal of a complaint under Rule 12(b)(1).  *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020).  A facial attack assumes the complaint's allegations are true, but a factual attack goes beyond the complaint to bring in evidence to attack jurisdiction.  *Id.*  A district court has wide discretion to consider affidavits and other documents in considering a factual attack.  *Id.*  The court's consideration of such evidence does not convert the Rule 12(b)(1) motion into one for summary judgment unless "the jurisdictional question is intertwined with the merits."  *Id.*

## III.   ANALYSIS

Defendants mount a factual attack on jurisdiction by presenting evidence that the Sunset Drive Property where Plaintiff placed his signs was government property.  (Docs. 18, 20.)  The court considers the motion under Rule 12(b)(1) because jurisdiction is not intertwined with the merits.

Defendants argue that because the property is city-owned, Plaintiff has no property interest and thus no standing to contest the sign removal because he has not suffered an injury-in-fact.  (Doc. 17 at 7.)  This is incorrect.  The Supreme Court generally recognizes "three types of government-controlled spaces: traditional public forums, designated public forums, and nonpublic forums."  *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018).  Forum-based analysis determines what regulations the government may impose on speech on property it owns.  *See id.*  Mere government property ownership is insufficient to show Plaintiff lacks injury.

Here, it is unclear exactly what made it "illegal" for Plaintiff to place signs on Sunset Drive. Neither the complaint nor the limited evidence before the court makes it clear what gave McCoy authority to remove the signs. But Plaintiff's free speech rights were injured when his signs were removed from Sunset Drive by Defendants. That is sufficient for injury-in-fact in this case at this time. Proper forum analysis and determining whether Plaintiff has a meritorious First Amendment claim are matters for another day.

Defendants' caselaw is inapposite. The only case with similar facts is *Clark v. Schmidt*, 493 F. Supp. 3d 1018 (D. Kan. 2020), and the plaintiff in that case failed to show an intent to engage in conduct prohibited by the statute or a credible threat of prosecution. *Id.* at 1034-35. Here, it seems Plaintiff placed campaign signs that were removed by a government official acting under color of law. He has shown sufficient injury on his First Amendment claim to survive the current motion.[2]

## IV.   CONCLUSION

Defendants' motion to dismiss (Doc. 16) is DENIED. Per the magistrate judge's prior order (Doc. 25), the parties must meet and confer and submit a proposed pretrial order to her within 10 days of this order.

IT IS SO ORDERED.

Dated: September 15, 2023                    /s/John W. Broomes
                                             JOHN W. BROOMES
                                             UNITED STATES DISTRICT JUDGE

---

[2] Defendants only sought dismissal based on lack of jurisdiction. The court thus declines to address Defendants' passing comments about the merits of Plaintiff's state-law claim.