IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL J. HOYT,<br><br>      **Plaintiff,**<br><br>      v.<br><br>FORT SCOTT, KANSAS, CITY OF, et al.,<br><br>      **Defendants.** | Case No. 2:22-cv-02399-JWB |

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion for summary judgment (Doc. 34) and Plaintiff's motion for summary judgment. (Doc. 37.) Defendants responded to Plaintiff's motion (Doc. 38) and the time for any further briefing has passed, so the motions are ripe for review. The court GRANTS Defendant's motion (Doc. 34) and DENIES Plaintiff's motion (Doc. 37) for the reasons stated herein.

**I.   BACKGROUND**

The following facts are taken from Defendants' statement of facts because Plaintiff failed to dispute them. *See* D. Kan. R. 56.1 ("All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.") Plaintiff was a Fort Scott City Commissioner candidate from June 1 to November 2, 2021. Plaintiff's campaign used political signs. Plaintiff placed signs on Sunset Drive in Fort Scott. Specifically, Plaintiff placed two signs on a natural growth island in the middle of the street. The island is city property. Defendant City of Fort Scott employees removed Plaintiff's signs. On October 8, Plaintiff sent emails about the sign removal to Defendant Mark McCoy, then-Interim City Manager for Defendant City. Sometime before the election,

Plaintiff received his signs back and returned his signs to the island on Sunset Drive, where they remained until Plaintiff removed them after the election. Plaintiff finished in fifth place out of seven candidates in the election with about nine percent of the vote. The top three candidates were seated as city commissioners.

Plaintiff sued Defendants in state court thereafter for violating his First Amendment rights and for violating Kansas law, and Defendants removed to federal court. (Docs. 1, 1-1.) The court denied Defendants' motion to dismiss for lack of subject-matter jurisdiction. (Doc. 28.) Defendants now move for summary judgment. (Doc. 34.) Plaintiff also moves for summary judgment. (Doc. 37.)

## II.   STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020) (quoting *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015)). Conclusory allegations are not sufficient to create a dispute as to an issue of material fact. *See Hall v. Bellmon*, 935 F.2d 1106, 1110–11 (10th Cir. 1991). The court views the evidence and all "reasonable inferences therefrom in the light most favorable to the nonmoving party." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

**III.   ANALYSIS**

As an initial matter, the court notes that Plaintiff's motion for summary judgment fails to follow District of Kansas Rule 56.1, which requires that a "brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists."  And pro se plaintiffs must follow the same rules of procedure that govern represented litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  The court thus denies Plaintiff's motion for summary judgment because he has failed to show any facts entitling him to summary judgment as a matter of law.

Turning to Defendants' motion, the court addresses Plaintiff's First Amendment claim first.

**A.  First Amendment Challenge**

Plaintiff's claims are not entirely clear, but Plaintiff contends in the pretrial order that his First Amendment rights were violated when city officials removed his signs.  (Doc. 33 at 2–3.)  He further contends that his signs did not cause a traffic safety hazard.  (*Id.* at 3.)  Defendants claim that a Fort Scott Ordinance requires that "[n]o signs shall be erected at the intersection of any street in such a manner as to obstruct free and clear vision . . . ."  (Doc. 35 ¶ 10; Doc. 35-8 at 5.)[1]  In this instance, Plaintiff's claim against McCoy in his official capacity is duplicative of Plaintiff's claim against the city.  *See Dugar v. Bd. of Cnty. Commr's for Clear Creek Cnty., Colo.*, No. 21-1380, 2022 WL 4857167, at *2 (10th Cir. Oct. 4, 2022) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).  The court thus dismisses Plaintiff's official capacity claim as duplicative.

---

[1] The court could not locate this ordinance in the current Fort Scott, Kansas Municipal Code.  And the parties do not provide the date this ordinance took effect or otherwise give information for the court to verify this ordinance's status.  The court notes that the city's current code has a provision that codifies "The Fort Scott Municipal Code 1978 Revised and Republished in 1997."  Fort Scott, Kan., Code § 1.01.010 (2022).  Perhaps the sign ordinance comes from this prior code.  The court presumes, given both sides' acceptance of the existence of this provision, that the sign ordinance remains in effect at this stage of the litigation.

The court first addresses Plaintiff's First Amendment claim against McCoy in his personal capacity. Defendants argue that McCoy is entitled to qualified immunity. (Doc. 35 at 13–18.) Specifically, Defendants argue liability is not "clearly established" under existing law. (*Id.* at 18.) Plaintiff makes no reference to the doctrine of qualified immunity in his summary judgment brief. (Doc. 37.) When defendants assert qualified immunity under § 1983, there is a presumption of immunity. *Est. of Taylor v. Salt Lake City*, 16 F.4th 744, 757 (10th Cir. 2021). A plaintiff overcomes this presumption by showing (1) the government official violated a constitutional right, and (2) the right was clearly established at the time of the constitutional violation such that "every reasonable official would have understood" the conduct violated a constitutional right. *Id.* (citation omitted). Here, Plaintiff makes no attempt to meet his burden to show that McCoy violated a clearly established constitutional right. The court therefore grants summary judgment to McCoy in his personal capacity on Plaintiff's First Amendment claim.

Regarding municipal liability, Defendants first argue that the city cannot be held liable if McCoy enforced a city ordinance in an unconstitutional manner because the City Commission is the final policymaker, not McCoy. (Doc. 35 at 9.) Plaintiff's brief does not address municipal liability. (Doc. 37.)

"[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010) (citation omitted). Liability can be based off a formal policy or an informal custom, so long as the latter is a permanent and widespread practice. *Id.* at 1189. As most relevant here, "[m]unicipal liability may . . . also be based on the decisions of employees with final policymaking authority or the ratification by

such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval." *Id.* "The inquiry of whether a government employee is a policy-making official is a question of state law." *Id.*

Here, Plaintiff does not challenge the city sign ordinance on its face, nor does he provide admissible evidence that there is a widespread practice of removing political signs in the city.[2] Thus, Plaintiff's lone possibility of municipal liability seems to hinge on, assuming removing the signs violated the First Amendment, whether a final decisionmaker removed the signs or ratified the decision to do so. Looking to state law, any city may adopt a commission-manager form of government. K.S.A.§ 12-1039. This is what the city has done. Fort Scott, Kan., Code §§ 2.04, 2.08. Under this governmental form, the commission "shall appoint a city manager to be responsible for the administration and affairs of the city. The city manager shall see that all laws and ordinances are enforced. The city manager shall serve at the pleasure of the governing body." K.S.A. § 12-1040.

Plaintiff provides no facts or law to create a question of fact on this point. Based on the uncontroverted facts before the court, City Manager McCoy is not the official policymaker for the city when it comes to ordinances governing signage. The city manager is, however, tasked by statute with enforcing ordinances. But there is no evidence that the commission ratified the decision to remove the signs. Rather, when Plaintiff returned the signs to the Sunset Drive island, the signs remained until after the election. The court therefore finds no basis for municipal liability and grants summary judgment to the city on Plaintiff's First Amendment claim.

---

[2] Plaintiff's speculation in the pretrial order that signs were removed from "other locations unknown," (Doc. 33 at 2–3), to him is not evidence.

**B. K.S.A. § 25-2711 Claim**

Defendants move for summary judgment on Plaintiff's K.S.A. § 25-2711 claim. Defendants argue for summary judgment in part by noting that the plain text of the statute only applies to private property, not city property.

The entire relevant statutory section is as follows:

> No city or county shall regulate or prohibit the placement of or the number of political signs *on private property* or the unpaved right-of-way for city streets or county roads *on private property* during the 45-day period prior to any election and the two-day period following any such election. Cities and counties may regulate the size and a set-back distance for the placement of signs so as not to impede sight lines or sight distance for safety reasons.

§ 25-2711 (emphasis added). Here, the undisputed facts show that the island on Sunset Drive is city property and not private property. Thus, even assuming Plaintiff had a cause of action to enforce this statute, his state-law claim fails on the merits. The court grants summary judgment to Defendants on Plaintiff's claim under § 25-2711.

**IV. CONCLUSION**

Defendants' motion for summary judgment (Doc. 34 ) is GRANTED. Plaintiff's motion for summary judgment (Doc. 37) DENIED.

IT IS SO ORDERED.

Dated: April 30, 2024            /s/John W. Broomes
                                 JOHN W. BROOMES
                                 UNITED STATES DISTRICT JUDGE

6